**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

    Plaintiff,

v.                                                  Case No. 11-20100

D-1 Jonathan Hill,                   HON. MARIANNE O. BATTANI
D-2 Joseph Hill, and
D-3 John Gesing,

    Defendants.
_____/

**OPINION AND ORDER**
**DENYING DEFENDANTS' MOTION TO DISMISS INDICTMENT**

Before the Court is Defendants Joseph Hill and John Gesing's joint Motion to Dismiss Indictment. (Defs.' Mot. Dismiss Indict., ECF No. 31, 38). A hearing on the motion was held on June 22, 2011, and the Court took the matter under advisement. For the reasons that follow, the Court **DENIES** Defendants' Motion.

**I. INTRODUCTION**

Defendants Jonathan Hill, Joseph Hill, and John Gesing are charged in a four-count indictment with violations of 18 U.S.C. § 2314, which prohibits the transportation of stolen property in interstate commerce. The indictment alleges that, between October 2009 and January 2010, Defendants collectively perpetrated a fraud on Jonathan Hill's girlfriend. (Indict., ECF No. 1). The girlfriend, identified as "NK," had received a substantial settlement from a personal injury lawsuit. Id. at ¶ 1. The Defendants allegedly defrauded NK of this settlement money via a scheme wherein Jonathan Hill pretended to have been kidnapped by violent drug dealers. Id. at ¶¶ 3-8.

The indictment states that, in October 2009, Jonathan Hill called NK and told her that he had been kidnapped and needed $10,000 to "stop another individual from hurting him." Id. at ¶ 4. Jonathan Hill told NK to give the money in cash to Defendant Gesing. Id. NK did so, and Gesing then went to a local, Michigan bank branch and deposit the money into Jonathan and Joseph Hill's joint "Bank of America Account in Florida." Id. at ¶ 4, 3-4. In November 2009, Jonathan Hill contacted NK a second time, asking for an additional $20,000. Id. at ¶ 5. This time, Jonathan Hill retrieved the cash from NK himself, explaining that "he had been released in order to obtain the money." Id. Finally, on two separate occasions in December 2009 Jonathan Hill requested more cash from NK, which she duly delivered to Jonathan Hill and John Gesing. Id. at ¶¶ 6-7.

On December 27, 2009 an unknown person called NK, demanded money, and told her that, "I've got him now bitch. You better come up with the money or you will never see him again." Id. at ¶ 8. NK began to fear for Jonathan Hill's life and contacted the FBI. (Pl.'s Resp. to Defs.' Mot. Dismiss Indict. at 5, ECF No. 37). The FBI investigation revealed Defendants' alleged fraud and resulted in the instant indictment.

On June 1, 2011, Defendant John Gesing moved to dismiss the entire indictment. (Defs.' Mot. Dismiss Indict., ECF No. 31). Defendant Joseph Hill joined the motion. (Def's. Notice of Joinder in Mots. Filed by Co-Defs., ECF No. 38). The Court heard oral arguments in the matter on June 22, 2011, and requested supplemental briefing from the parties. The issues having been fully briefed and argued, the Court is now prepared to rule on Defendants' Motion.

## II. STANDARD OF REVIEW

Under the Federal Rules of Criminal Procedure, an indictment need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). On a motion to dismiss, a court must accept the factual allegations of the indictment as true, and must assess only whether the indictment is "valid on its face." United States v. Campbell, No. 02-80863, 2006 WL 897436 at *2 (E.D. Mich. 2006) (citing Costello v. United States, 350 U.S. 359, 363 (1956)). An indictment is adequate "if it (1) includes the elements of the offense intended to be charged, (2) notifies the defendant of 'what he must be prepared to meet,' and (3) allows the defendant to invoke a former conviction or acquittal in the event of a subsequent prosecution." United States v. Cor-Bon Custom Bullet Co., 287 F.3d 576, 579 (6th Cir. 2002) (quoting Russell v. United States, 369 U.S. 749, 762-64 (1962)). "Courts utilize a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense." Allen v. United States, 867 F.2d 969, 971 (6th Cir. 1989) (citation omitted).

## III. ANALYSIS

The indictment in the present case alleges that:

"Between October 2009 and January 2010, in the Eastern District of Michigan, Southern Division, Defendants, **Jonathan Hill**, **Joseph Hill**, and **John Gesing**, having devised and intended to devise the aforesaid scheme and artifice to defraud, and for obtaining money and property, by means of false and fraudulent pretenses, representations and promises, did transport and cause to be transported from the State of Michigan to the State of Florida, in the execution of aforesaid scheme and artifice to defraud NK of property having a value of $5,000 or more, that is, money, all in violation of Title 18, United States Code, Section 2314."

(Indict. at 3, ECF No. 1) (emphasis in original). Each of the four counts of the indictment pertains to a particular date on which the government alleges that cash taken from NK was deposited into Jonathan and Joseph Hill's joint "Bank of America Account in Florida," in violation of 18 U.S.C. § 2314. (Indict. at 3-4, ECF No. 1).

Defendants jointly contend that the entire indictment should be dismissed because it does not include the interstate commerce element of 18 U.S.C. § 2314, does not provide adequate notice, and impermissibly fuses language from two separate statutory paragraphs. In addition, Defendant Gesing argues that the indictment against him individually should be dismissed because it does not include the valuation and mens rea elements of 18 U.S.C. § 2314, and because it improperly charges him in four counts when he is accused of transporting property on only three occasions. Each of these grounds will be discussed below.

**A. The Interstate Commerce Element of 18 U.S.C. § 2314**

The elements of 18 U.S.C. § 2314 are "(1) transporting, or causing the transportation, (2) in interstate commerce, (3) of property valued at $5,000 or more, (4) with knowledge that it has been stolen, converted or fraudulently taken from its rightful owner." United States v. Monus, 128 F.3d 376, 384 (6th Cir. 1997) (citing United States v. Weiner, 755 F. Supp. 748, 752 (E.D. Mich. 1991) aff'd 988 F.2d 629 (6th Cir. 1993)).

Defendants jointly argue that the indictment does not allege elements (1) and (2) because depositing cash in a local bank does not cause anything to be transported in interstate commerce. While the statutory allegation in the indictment charges that money was transported "from the State of Michigan to the State of Florida," the factual allegations show only that cash was deposited at a local bank branch in Michigan.

4

(Indict. at 3 and ¶ 4, ECF No. 1).  Defendants maintain that depositing cash at a local bank does transport anything in interstate commerce.  The Government responds that depositing money into an FDIC-insured bank necessarily causes a transfer of that money into the stream of interstate commerce.

Defendants relied heavily, both in their brief and at oral argument, on an out-of-circuit case that held that a fraudulent check drawn on one Louisiana bank and deposited into another Louisiana bank "never left Louisiana and therefore never entered the stream of interstate commerce." United States v. Poole, 557 F.2d 531, 535 (5th Cir. 1977).  Defendants' reliance on Poole is misplaced.  Poole was decided at a time when banks were substantially prohibited by law from doing business in more than one state. See McFadden Act of 1927, ch. 191, § 7, 44 Stat. 1228, repealed by Riegle-Neal Interstate Banking and Branching Efficiency Act of 1994, Pub.L. 103–328, 108 Stat. 2338 (currently codified in scattered sections of 12 U.S.C.).[1]  At the time of Poole, it may have been true that local bank deposits did not reach the stream of interstate commerce.  However, since that time, nationwide banking has become the rule, rather than the exception. See United States v. Robinson, 389 F.3d 582, 594 (6th Cir. 2004).

---

[1] Although the McFadden Act only applied state bank-branching law to nationally-chartered banks, its eventual result was that no bank, whether state or national, could branch across state lines.  Banks tried to circumvent the effective ban on interstate banking by creating so-called bank holding companies, which would purchase separately-incorporated banks in multiple states.  Congress responded by passing the Bank Holding Company Act of 1956, which banned bank holding companies from acquiring banks across state lines.  Although the Douglas Amendment permitted states to opt out of the Bank Holding Company Act's ban on interstate banking, no state had done so by the mid-1970s. See generally Mark D. Rollinger, Interstate Banking and Branching Under the Riegle-Neal Act of 1994, 33 Harv. J. On Legis. 183 (1996) (discussing the history of interstate banking law).

Since Poole was decided, the Supreme Court has held that the phrase "interstate commerce" in 18 U.S.C. § 2314 reaches at least to the extent of the Commerce Clause as interpreted in cases decided before 1919. McElroy v. United States, 455 U.S. 642, 653 (1982). Some circuits have gone further, holding that the statutory meaning of "in interstate commerce" is coextensive with Congress's authority under modern Commerce Clause jurisprudence. Id. at fn. 16. Both the Eighth and Ninth circuits have held that the phrase "interstate commerce" in 18 U.S.C. § 2314 "was intended merely to supply a constitutional basis for the exercise of federal power." United States v. Ludwig, 523 F.2d 705, 707 (8th Cir. 1975) (citing United States v. Roselli, 432 F.2d 879, 891 (9th Cir. 1970)). These circuits have held that any transfer in interstate commerce sufficient to trigger Congress's Commerce Clause powers necessarily satisfies the "interstate commerce" element of 18 U.S.C. § 2314. Id.

While the Sixth Circuit has not directly addressed this point, it has stated that the interstate commerce element of 18 U.S.C. § 2314 "gives federal jurisdiction" and described identical statutory language as only a "jursidictional . . . requirement." United States v. Kierschke, 315 F.2d 315, 317 (6th Cir. 1963); United States v. Ranzoni, 732 F.2d 555, 558 (6th Cir. 1984). In addition, other courts in this circuit have held that the requirement of interstate commerce is satisfied if defendants place stolen property "in the stream of commerce." Weiner, 755 F. Supp. at 752.

The Court is persuaded that the interstate commerce element of 18 U.S.C. § 2314 reaches to the full extent of federal jurisdiction under the Commerce Clause. Defendants injected fraudulently taken cash into the stream of interstate commerce

6

when they deposited that cash into an FDIC-insured bank. It may be true that Defendants did not *know* that cash deposited into a local bank is bundled, invested nationally, and insured by the FDIC, and that such cash therefore necessarily enters the stream of interstate commerce. However, knowledge of the interstate nature of the transportation is not an element of 18 U.S.C. § 2314; instead, the government need only allege that transportation in interstate commerce did, in fact, occur. Kierschke, 315 F.2d at 317. Here, the allegation in the indictment that Defendants deposited cash, fraudulently taken from NK, into an FDIC-insured bank, is sufficient to charge Defendants with causing the transportation of that cash in interstate commerce. The indictment therefore includes the (1) transporting, or causing the transportation, (2) in interstate commerce elements of 18 U.S.C. § 2314.

### B. The Sufficiency of Notice Provided By the Indictment

Defendants also argue that the indictment fails to provide adequate notice because it does not define fraud. The indictment mirrors the words of the statute by alleging only that Defendants "devised . . . [a] scheme and artifice to defraud." (Indict. at 3, ECF No. 1). An indictment following the bare statutory language gives sufficient notice so long as the "the words of the statute fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence." United States v. Teh, 535 F.3d 511, 516-17 (6th Cir. 2008) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)). "Fraud" is a legal term of art, defined as "[a] knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment." Black's Law Dictionary (9th Ed. 2009). Because fraud, used in its legal sense, is certain and unambiguous, the Court finds that the inclusion in the

indictment of the statutory language alleging a scheme to defraud does "fully, directly, and expressly" set forth that element of 18 U.S.C. § 2314. Therefore, the indictment provides adequate notice to Defendants.

### C. The Mixing of Language From Two Separate Statutory Paragraphs

At oral argument defense counsel brought to the Court's attention that the indictment appears to mix language from two separate statutory paragraphs. Defendants are charged under the first paragraph of 18 U.S.C. § 2314, which provides criminal penalties for:

> Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud.

18 U.S.C. § 2314; (Pl.'s Resp. to Defs.' Mot. Dismiss Indict. at 6, ECF No. 37). However, the language of the indictment more closely parallels that of the second paragraph of 18 U.S.C. § 2314, which provides criminal penalties for:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person or person to travel in, or to be transported in interstate or foreign commerce in the execution or concealment of a scheme or artifice to defraud that person or those persons of money or property having a value of $5,000 or more.

18 U.S.C. § 2314. Unlike the first paragraph of the statute, which criminalizes the transportation in interstate commerce of stolen property, the second paragraph of 18 U.S.C. § 2314 criminalizes the transportation in interstate commerce of people, when that transportation is in aid of a scheme to defraud. See H.R. Rep. No. 84-2474 (1956), reprinted in 1956 U.S.C.C.A.N. 3036.

Defendants argue that because the indictment intends to charge an offense under paragraph one of 18 U.S.C. § 2314, but erroneously tracks the language of paragraph two of the statute, it fails to provide adequate notice and must be dismissed. Contrary to Defendants' position, it is well-settled that an indictment can track the language of or cite to an incorrect or inapplicable statute and still provide adequate notice. United States v. Hutcheson, 312 U.S. 219, 229 (1941) (citing Williams v. United States, 168 U.S. 382, 389 (1897)). All that is required is that the indictment adequately allege the elements of some existing offense against the United States, whether or not that offense was the one under which the government purported to bring the charge. See United States v. Perez, 457 F.2d 555, 559 (6th Cir. 1972) (citing Pettway v. United States, 216 F.2d 106, 108 (6th Cir. 1954)). The Court finds that, despite the error in its language, the indictment does include all the elements of an offense against the United States. Therefore, the Court find that the indictment provides adequate notice.

**D. The Valuation and Mens Rea Elements of 18 U.S.C. § 2314, As Against Defendant John Gesing**

With respect to his individual position, Defendant Gesing contends that because the indictment does not allege the exact amount of cash he transported on each occasion, nor that he transported the cash knowing it to have been taken by fraud, it fails to include all elements of 18 U.S.C. § 2314, and must be dismissed.

Although an indictment must include all elements of the offense charged, it need not do so in the exact statutory language. United States v. Adamo Wrecking Co., 545 F.2d 1, 3 (6th Cir. 1976) rev'd on other grounds 434 U.S. 275 (1978). Instead, an indictment should be read "in its entirety" and "common sense construction" should be

9

used to decide whether an indictment gives a defendant sufficient notice of the offense. United States v. Maselli, 534 F.2d 1197, 1200 (6th Cir. 1976) (citing United States v. Salliey, 360 F.2d 699 (4th Cir. 1966)); Allen, 867 F.2d at 971. "If other language in an indictment implicitly requires a particular element of an offense it is not necessary that words be used which explicitly require that element." Maselli, 534 F.2d at 1197 (citing Walker v. United States, 439 F.2d 1114 (6th Cir. 1971)).

When read in its entirety and interpreted in accordance with common sense, Gesing's indictment does include the valuation and mens rea elements of 18 U.S.C. § 2314. First, the indictment alleges that Gesing was given specific amounts of cash on three occasions and that this cash was deposited in the "Bank of America Account in Florida." (Indict. at 3-4 and ¶¶ 4, 6-7, ECF No. 1). These allegations sufficiently inform Gesing that he is charged with transporting the specific amounts of cash identified in the four counts–all more than $5,000–on the occasions when he was given cash by NK. Second, the indictment charges that Gesing "devised and intended to devise the aforesaid scheme and artifice to defraud." Id. at 3. The indictment thus alleges that Gesing was involved in creating the fraudulent kidnapping scheme. It therefore necessarily alleges that Gesing knew of the fraud. Accordingly, the Court finds that the indictment against Gesing does include all elements of 18 U.S.C. § 2314.

### E. Aiding and Abetting Liability in the Fourth Count of the Indictment, As Against Defendant John Gesing

Finally, Defendant Gesing argues that, because the government has only identified three occasions on which he transported cash, he cannot be charged in all four counts of the indictment. However, "18 U.S.C. § 2 [the aiding and abetting statute]

is included in its entirety in every federal indictment," even where it is neither referenced nor cited. Maselli, 534 F.2d at 1200. Aiding and abetting is not a separate substantive crime, but rather an alternate theory of liability "embodied in every federal indictment, whether specifically charged or not." United States v. McGee, 529 F.3d 691, 695 (6th Cir. 2008) (quoting United States v. Floyd, 46 Fed. Appx. 835, 836 (6th Cir. 2002)). Therefore, Gesing's indictment on the fourth count can be sustained if it adequately alleges that he aided and abetted. The indictment charges that Gesing helped devise the scheme to defraud NK. (Indict. at 3, ECF No. 1). Because 18 U.S.C. § 2(a) provides aiding and abetting liability for one who "counsels" or "procures" another to commit an offense, the Court finds that Gesing's participation in the planning of the fraudulent acts against NK sufficiently alleges that he aided and abetted the commission of the offense in all four counts. Therefore, the fourth count of the indictment against Gesing should not be dismissed.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion to Dismiss Indictment (Defs.' Mot. Dismiss Indict., ECF No. 31).

**IT IS SO ORDERED.**

                                      s/Marianne O. Battani

                                      MARIANNE O. BATTANI
                                      UNITED STATES DISTRICT JUDGE

**DATED:** August 2, 2011

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

<u>s/Bernadette M. Thebolt</u>

CASE MANAGER